We'll call the first case. Case No. 13-1044, Niles Township Support Staff v. Niles Township High School, Dist. No. 219. Would all the attorneys that are going to present argument step up and identify yourselves for the record? Good morning, Mr. Feldman. John Murphy on behalf of Niles Township. Mr. Murphy. John Schmidt on behalf of the Educational Labor Relations Board. All right. As far as the time frame, you know, usually each side gets about 15 minutes for their comments. And from that, usually we allow some time for a rebuttal. What about you two? Have you decided how to share your time? Yes, we did. Mr. Murphy was going to take about eight minutes, and I'll take seven. And if he goes a little over that, I'll adjust accordingly and take less. All right. Fine. Okay. Well, you may be seated. Yeah, please, and then. All right, Mr. Feldman. Don't walk as well as I did when you and I first met. Yes, well, that was a while ago. And while you're here, there was a motion for leave to cite additional authority, and you did file a response not objecting to the site. So just so the parties are aware, we did grant that motion. All right. Thank you. May it please the court, I want to give my discussion, break it down into two parts. First, the question of whether the issue in this case was substantively inarbitrable. And second, whether the labor board erred when refusing to review an arbitrator's erroneous application of the legal standard for deciding substantive arbitrability issues. And the first issue. Generally speaking, substantive arbitrability questions are for the court. Procedural arbitrability issues are for the arbitrator. And at footnote 4 on page 10, I've cited the two leading Illinois appellate decisions which so hold. The issue here involves a procedural condition to arbitrate. And it therefore, we submit, is clearly arbitrable. The most recent case, and I thank the Attorney General for this, is Republic of Argentina, a decision he just filed with you. The court discussion in that case is directly on point regarding the issue in this case. The Supreme Court explained that courts, not arbitrators, decide whether there is an agreement to arbitrate. However, the court explained that arbitrators decide whether procedural preconditions to arbitrate have been fulfilled, such as, and I quote from the decision, time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate. That's at page 7 of the decision which you have. Those issues of procedural arbitrability are arbitrable. And that is the situation we have in this case. We submit the arbitrator erred in holding that he had no jurisdiction to decide whether or not the condition precedent that an employee elect one of two forms had been satisfied. So you're telling me that the employee could have gone both ways and had different opinions, whether she was discharged because of race or discharged because of cause, and then how do we resolve that? That's exactly what the employee could not do. The employee had to make a choice for one or the other. What the arbitrator did was to deny the employee that choice, and in effect gave the choice to the school board. Well, when should that choice be made, though? Well, that was a question that the arbitrator would have decided, except he said he had no authority because the case was substantively inarbitrable. We argued facts before him that we said he should consider in determining how to interpret that clause. He held that he could not do that because he was precluded from doing it because the matter was substantively inarbitrable. All right, so your position is what he should have done was basically have the matter go to arbitration, have everybody argue their respective positions, and then could he at that point say, based on the agreement, that she waived her right to arbitrate? Absolutely. Okay, so you're saying that we could still be here. If he had concluded that at that point, then what? Would we still be here? If he had concluded that, that would have been a procedural inarbitrability, just as in the case when you have a time limits issue in a contract. The arbitrator decides that as part of his decision in the hearing, but it is arbitrable. Okay, but let's say that it was done in the fashion you're suggesting. In other words, everybody proceeds to arbitration, and then at the arbitration, is this arbitrator able to conclude at that point that she waived her right to arbitrate because she filed the EEOC claim? He can do it one of two ways. It's up to him. He can either divide the case up, bifurcate the case, and limit his first hearing to that issue, take the evidence on that issue and the arguments on that issue, and decide it. Then only if he decides that the matter is arbitrable would he go ahead with the rest of the case. If he decided that the case was procedurally inarbitrable, he would go the other way. Or he could hear the entire case and reserve judgment on this and all other questions. He could do it either way. Was there a dispute that she filed an EEOC charge? No. So what was he to do? He was to conduct a hearing. The question was what was meant by the selection of remedy provision. I would argue, I tried to argue before him a number of things, but he couldn't hear them. We wanted to argue a couple of things. One, the grievance had no knowledge of this provision in the contract at the time she filed. Secondly, the employer waited until the arbitration hearing. The employer was the only party that knew both the provision in the contract and what she had done. No one else knew both of those facts. But the employer waited until the arbitration hearing and then made its motion, which in effect said we the employer will decide which form will be used. And it was granted. My argument is they should have done this immediately and that they waived any claim by doing what they did. Thirdly, I would have argued that the purpose of this clause was clearly to give the employee the choice. And under the facts of this case, the employee was not given the case. Well, didn't the arbitrator say that it wasn't his prerogative to be involved in the choice? And what precluded her from withdrawing that complaint so that the arbitrator could proceed? Why couldn't her representative simply say she's going to formally withdraw this and then we'll proceed to arbitration? Or is that something that wouldn't be allowed because she had already made the election? That's exactly what I did at the beginning of the arbitration hearing when I found out about it. We offered, we said she wants to arbitrate, not to go before the federal agency. Can you make it a condition proceeding that he dismiss? Pardon? The motion. I thought you made it, you said we won't accept the withdrawal of the EEOC charge unless the arbitrator agrees to dismiss the complaint or dismiss the motion by the school board first. We were not going to end up in a situation where we dismissed both claims. But if the arbitrator would hear the case, we offered on the spot to withdraw it. If the arbitrator was going to decide that it couldn't be arbitrated, then it was our position that she was entitled to have a hearing before the federal agency. The whole purpose of this thing was she was supposed to get a choice. But the way this was manipulated by the school board, it got the choice. And that we objected to and we submitted. It's totally contrary and inconsistent and incompatible with the purpose of this clause, which was to give her a choice. At any rate, respectfully, this case is no different than the time limits case, which essentially is a precondition to a hearing. And that is decided by the arbitrator. It is not substantively inarbitrable. It is arbitrary. If I can proceed to the second issue. The grievance is within the scope of the arbitration clause in this contract. But the arbitrator held that the grievance was substantively inarbitrable because the arbitration clause was trumped by the election of remedies clause. That is contrary to all of the court decisions on substantive arbitrability. Don't you indicate in your brief that binding court decisions require that the IELRB and not the courts decide substantive arbitrability issues? That is clearly the law. We all agree on that. Okay. So didn't the IELRB eventually conclude that the arbitrator's decision was in fact correct and that this was not arbitrable because of the election. So didn't they conclude the same thing? No. What did they conclude? What they concluded was as follows. They took the most recent Illinois Supreme Court decision and applied it to this case. That decision holds that if an issue is arbitrable and the arbitrator decides the case, his decision or her decision is final and binding and not reviewable unless his decision does not draw its essence from the agreement. Now that reasoning is inconsistent with and departs from the law ever since the Taft-Hartley Act, which is half a century. That reason has only been applied to situations in which the case was arbitrable. If he has the authority to hear the case and decide the case, the cases uniformly, statewide, federal, etc., starting with the Steelworker Trilogy, hold that the arbitrator's decision cannot be second-guessed by the court. But that's only if it's arbitrable. There's no case that says that that principle applies to a situation involving substantive inarbitrability. In other words, whether the case is arbitrable. Well, let me ask you this. I'm a little confused here because the board in their findings specifically said, and maybe you can explain this to me, this is in their decision, and it says, insofar as it concerns the interpretation of the collective bargaining agreement. And that's where this selection of remedies is, right? Yes. Alright. In their decision, they say that the interpretation of the collective bargaining agreement, substantive arbitrability is a matter for the arbitrator to decide. Now, you're saying the opposite, aren't you? I've cited cases, both federal cases and state cases. They all say the opposite. They all say what? Procedural arbitrability is a question for the arbitrator. Substantive arbitrability is a question for the court, or in this case, the labor board. But they cited, the board cited an Illinois Supreme Court case that said, as far as interpreting the collective bargaining agreement, substantive arbitrability, which is what you say this was, right? When he said that the agreement indicates that if you elect to file a lawsuit or an EEOC complaint, you cannot, you give up your right to arbitrate. So they've cited, the board has cited Illinois Supreme Court precedent which says that when you're interpreting that CBA, substantive arbitrability is a matter for the arbitrator. And isn't that what, you do say he did that. He decided a question of substantive arbitrability, and yet it looks like the board followed Illinois Supreme Court case precedent and their own precedent to conclude that when he decided this issue of substantive arbitrability, he was actually following case law. He did not decide a question of substantive arbitrability. I thought you said he did. No. He decided a case of procedural arbitrability. And that is what this recent Supreme Court decision which the Attorney General was kind enough to file very clearly says, that this situation where there's a condition to arbitrability, that's procedural arbitrability, and that's what he decided. Okay, so you're saying this was a procedural question. That's the whole thing. Not substantive. If it was substantive, it would be a matter for the court. It's procedural, and therefore it was a matter for the arbitrator. And that's explicitly and expressly stated in this recent Supreme Court decision which states the rule applied in all other cases. All right, so there is some confusion here, because on the one hand, you're saying substantive arbitrability is a matter for the courts. Right. And then our Illinois Supreme Court has said substantive arbitrability is a matter for the arbitrator to decide. So there's some kind of dichotomy here. I don't know of any Illinois Supreme Court decision that says that. Well, they said GASME v. State, 124 Illinois 2nd. Those cases do not involve a question of arbitrability. Those cases involve the question of whether a court can second-guess an arbitrator when he's deciding what he has the authority to decide. That's a different question. And what the state is doing here is saying, let's extend that principle to an arbitrability case. And that is error. That's wrong, and there's no case that supports that. All right, just so I can be clear on your position, when the arbitrator decided that this was not arbitrable, he decided it was because of an election provision in the collective bargaining agreement. Right. All right. Now, are you saying that was a procedural arbitrability issue, or that was a substantive one? The Supreme Court, in the case the Attorney General gave, said that's procedural. All right. And that's consistent with all other law. Because if you have a situation involving time limits, laches, a condition under which you can arbitrate, those are procedural questions for the arbitrator. Isn't that what he did when he said that this can't be arbitrated, because there's a provision that requires an election, and she elected to go forward in a court, or rather, with the EEOC complaint? He said that was substantive arbitrability. Does it matter what he called it? Oh, it makes all the difference in the world. I don't know if it does, really. If he gets the question wrong, or he calls it by the wrong name, I don't know that that really makes a difference. It makes all the difference in the world. Because if he had done the right thing and realized that this is procedural arbitrability, we would have had a hearing on that. And he would have heard arguments to decide what he had the right to decide, and that is whether this procedural arbitrability issue prevented us from getting to the merits. It's exactly the same thing as if, in addition to the arbitration clause, the contract has a time limits provision. And the arbitrator, because that's procedural arbitrability, the arbitrator has to decide, after a hearing, whether that time limits provision bars hearing on the merits. So the difference is between substantive arbitrability, when the arbitrator cannot deal with it, because he has no authority, and procedural arbitrability, when he has to actually arbitrate the procedural issue. And the problem that we had here is he decided he couldn't decide that. I wanted to argue with him, to correctly interpret this provision, under the facts of the case, you have to apply it according to its purpose, which was to give her a choice. And given the circumstances under which she unknowingly had filed this thing, I said, let her withdraw it now. But he said, I can't do that, because I have no authority to do that. That's what this case is about. All right. Well, unless you have something else you want to add at this time, we're certainly going to give you time in rebuttal. Thank you. All right. Okay. Who's going first? Mr. Murphy? Good morning. Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which it has not agreed to so submit. And that's what happened in this case. The parties, through their collective bargaining, agreed that a certain situation where a person files a grievance and then also files the federal claim, they have waived their right to proceed with arbitration. So that's what happened here. The arbitrator rightfully dismissed the case. Whether it's substantive arbitrability or procedural arbitrability, I don't really think it makes a difference. I mean, people get confused as to which is which. The issue is that he did dismiss it. He looked at the language in the contract, and the contract quite clearly says they can't do both. So they filed the UOP. The labor board looked at – they reviewed the decision of the arbitrator. I mean, the union's argument is they didn't get a review of the arbitrator's decision. They did. Just like this court reviews decisions from lower courts or from administrative agencies, but it doesn't give it the same kind of review in each case. Sometimes it's the no vote. Sometimes it's a clearly erroneous standard where it only gets reversed if it's clearly erroneous. In this case, the labor board looked at the decision, gave deference, as this court is used to doing to certain cases before it, and when it gave it the deference, it said, okay, the arbitrator made the correct decision. It was not clearly erroneous. So it wasn't like they didn't get a review. They got a review. In the Stoughton case, which was cited and they make an argument about, the case arose in a different fact situation. In that case, the employer, the school district, filed a UOP, and when they got in front of the labor board, it was a de novo review because no one had previously ruled on the issue of arbitrability. So do you agree that there are certain decisions that only the courts decide prior to arbitration and that there are certain decisions that an arbitrator can decide? Absolutely. Then how do you reconcile Mr. Feldman's position? What is your opinion on whether or not the arbitrator had the right in the first instance to decide whether or not he could hear or arbitrate this grievance? As the labor court correctly pointed out, when the arbitrator is interpreting the contract, then it's up to the arbitrator. Then that arbitrator's decision is given deference, and it's not up to the courts to overrule that. When the arbitrator is interpreting laws, now you get in a situation where the courts can, and the labor board said if it was interpreting a law or, in this case, interpreting the Labor Act, then they would have given them no deference and they would have reviewed it. That's what the Supreme Court did in the BG case. On page 7, where counsel quoted from, those were all issues where it was a question of law. And then at the top of page 8, it says, on the other hand, courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and the application of particular procedural preconditions for the use of arbitration. And it goes on to say these procedural matters include claims of waiver, which is exactly what we have here. So the United States Supreme Court just a few weeks ago supported the decision made by the labor board in this matter where it said that the arbitrator's decision is entitled to deference when the arbitrator is interpreting the contract. Would you agree then that when the arbitrator said that he had to dismiss this based on substantive arbitrability, that that was really a misnomer or a mistake, that this was really a procedural arbitrability issue and that this was something that was within the purview of the arbitrator and he so ruled? Yeah, I do think it was definitely within the purview of the arbitrator. And I think counsel acknowledged that in this case, he perceives it to be procedural arbitrability. So I think we're, as I said, I don't think it matters really what you call it, as long as he's not interpreting a law, as long as he's interpreting the contract. But I do think it's more procedural than substantive, yes. Well, whether or not by filing the suit she gave up her right to arbitration, don't you think that involves a question of law? No. I think it's an interpretation of the contract. She filed, the contract says you can't do both. If you do both, you waive your right to arbitrate. So the arbitrator can't look outside that. He has to look just at the contract. And in this situation, indeed, she filed a charge with the EEOC. So just looking at the four corners of that contract was the only thing he could do. Courts have told arbitrators, don't look at the law, look at the contract. So no, he's not interpreting any law. Do you have anything further you want to add at this time, Mr. Maddow? Unless there's any questions. No, we'll hear now from Mr. Schmidt. Mr. Schmidt, why don't you just, if you want, if you would, to begin. Just tell us briefly why you think that this most recent case supports what occurred here, in a nutshell. Is that Briggs v. O'Perry? The additional authority. Yes, the additional authority. I think Mr. Murphy said it pretty well. The additional authority says, talks about issues that are for the arbitrator to decide, and it specifically says waiver is one of those issues. And that's what the arbitrator did here. Maybe he used the wrong label in describing it as substantive arbitrability, but he did. There was a contractual waiver position, waiver provision. He interpreted that provision and determined that there was a waiver under the facts of this case. He acknowledged the argument that Mr. Feldman raises here, that the employee supposedly did not know about this provision. He decided that that did not matter. And what the board did, the board was faced with the arbitrator's decision and arbitrated in this situation. And why didn't it matter if she alleges that she wasn't aware of the provision of the election? Because what the arbitrator concluded was that under the language of the provision, it was not relevant. The union had negotiated that provision, and the union was her representative and the representative of other employees for collective bargaining purposes. Is it disingenuous for the opposing counsel to argue that the union had no idea about a provision in an agreement they bargained for? Well, I'm not sure he's quite saying that. I think he is saying that the individual employee didn't. But I think Your Honor is correct. It's obvious the union did. And so for that reason, the arbitrator concluded that the provision was applicable to her and that the question of her knowledge really was not relevant. And what the board concluded was that the arbitrator's decision clearly drew its essence from the language of the collective bargaining agreement, which is the standard the Supreme Court enunciated in Grigsville-Perry and has previously enunciated. And so the board said, okay, that's it. And the board also looked to see whether the arbitrator's decision was consistent with the Act and said, yes, it was that the parties are free to put in provisions into the Act that will limit the right to have grievances issued. And so for those reasons, we believe the board's decision was correct and it should be affirmed. If there are no other questions, I think I'll just sit down. All right. And thank the court. Thank you, counsel. Mr. Feldman? The arbitration clause in this contract says unequivocally that this case is arbitrable. Then you have the election of remedies clause. And in effect, what the arbitrator did was to say that the election of remedies clause trumps the arbitration clause. Every case I have cited to you in the brief says you can't do that. They say that it's arbitrable unless there is no reasonable argument that can be made that it's not arbitrable. Well, let's not confuse substantive arbitrability and procedural arbitrability. You can waive arbitration, can't you? Absolutely. And isn't that essentially what the arbitrator said here? If you're conceding that this is a procedural decision on his part and a procedural decision is within his purview, isn't just essentially what he did here is to say that you waived it? The problem with that contention is that if it's procedural rather than substantive, the arbitrator has jurisdiction, and he's got to give me a hearing on that issue. At that hearing, the employer will argue that it was waived. I will argue that the employer waived it by not bringing it up until the hearing. Didn't you get a hearing? No. This was a motion hearing. I was not permitted to give arguments that the arbitrator felt he could hear. I was not permitted to put any evidence in. He decided he lacked the authority because it was inarbitrable to deal with any of that. Well, wasn't there a motion? Because of the pending EEOC complaint. Right. Doesn't this really come down to the fact, and he said this in his findings, doesn't this really come down to the fact that you refused to withdraw the EEOC complaint other than conditionally? No. He said in his findings that, you know, this conditional promise to withdraw the EEOC complaint is not enforceable by me. It hasn't been done yet. I'm sitting here looking at a case where there's a pending EEOC filing. In fact, he said in his findings that Grievin has elected her remedy in her form and remained loyal to it. That's what he said. And so he's sitting there, and there's a pending EEOC complaint, and there's an arbitration, a petition for arbitration, and he says you can't do that.  Why isn't that the hearing? If I had been permitted to do so, which I was denied the right because he said it was inarbitrable, I would have had her sign a withdrawal of her federal claim. I would give it to the arbitrator under a condition that depending on which way he goes, if he decided that he could hear the case, then give this to the school district. Well, what authority do you have that you're entitled to impose that condition? Oh, I don't, but the arbitrator should have given me a hearing to decide how this election of remedies clause was to be interpreted. Well, there is a case law. There was no hearing. I was not permitted to argue it. Wasn't there a case law, though, that was already out there that says this type of an agreement is entirely permissible and enforceable? So, I mean, the case law was already out there. I'm not arguing it. That's what I want to ask. I am not arguing otherwise. All right. Between February 7th, when the motion to dismiss was filed by the district, the arbitrator did not rule until June 26th. Did you file a written response? Did you do anything? Was there a hearing essentially based on written papers, or did you not respond in any way to that motion to dismiss? We both responded. We were not given a hearing. Oh. Because he said, I can't give you a hearing because I have no jurisdiction to do so. No jurisdiction or that this is not inarbitrable? It's inarbitrable. I don't know. It's the same thing. Well. I have no jurisdiction over something if it's inarbitrable. I only have jurisdiction if it's arbitrable. Okay. All right. And that's essentially. Well, but if you wanted to arbitrate, why didn't you just walk away and go to the EEOC and withdraw your complaint? Well, there is a problem there that the employer created. Because what if I withdraw the complaint and he then says, I'm not going to recognize the withdrawal of the complaint. Then she gives up both. And the purpose of this clause was to give her a choice. So obviously I was not going to do that. I just wanted the choice, which was the sole purpose of this clause. But the employer managed to set it up in such a way. And the arbitrator went along with it because he said he had no authority to do anything else. I was denied a hearing. I was denied an opportunity to do any of this. All he had to do, if he had accepted the fact this was procedural and not substantive, he has the case if it's procedural. And he then conducts a hearing. An arbitrator cannot decide a case unless it's based upon law without giving you a hearing. But that's the key difference here. The fact that if it's in, and I may not be making it clear, if it's inarbitrable, he has no authority to do anything. If it's procedurally arbitrable, procedurally inarbitrable, he will decide and interpret the contract. But once again, I would ask you to read the case society because they all say that when you have an arbitration clause, it starts with the Steelworker Trilogy, which is going all the way back to 1960. When you have an arbitration clause that says something is arbitrable, unless it's absolutely impossible or virtually impossible, it's arbitrable. That leads to procedural arbitrability issues, which can be decided by the arbitrator. Which he did. Pardon? Which he did. He decided that you were procedurally barred. But he did it because he said he had no legal authority to do anything else. I'm sorry. He says it right in his opinion, that by filing and refusing to withdraw with prejudice an EEOC charge challenging her discharge, the grievant has elected not to participate in the contractually established remedy of arbitration. Your Honor, that's correct. That was his procedural arbitration decision. There's only one problem with that. That she didn't know about any of this until the hearing when the arbitrator, when the school board brought it up. Well, what kind of an argument is that? I'm not sure what you're basing that on. The fact that she didn't know. What difference does it make? The union certainly knew. These were agreements that everybody bargained for. You either have one or the other, but you don't get both. So what difference does it make whether she knew? That's up to the arbitrator. If it's arbitrable and a procedural question, then he interprets the clause. That's his job to interpret the clause. And didn't he do that? I was not permitted to argue anything or give him any evidence on it. The ultimate problem here was that I... Evidence of what? That she didn't know the provisions of the contract? What evidence did you want to bring forward? Was she bound by the contract? The question is what the contract means. That's for the arbitrator to know. That's pretty clear what the contract means. You either have the EOC or you arbitrate. So you want to go in front of the arbitrator and say, well, she didn't know? I would say under the circumstances of this case, she can withdraw it, and that's arbitrary. You didn't say that, though. I couldn't.  You said I'll withdraw it conditionally. That's what you said. I said we will withdraw it only if we're going to have a hearing in this case. If you are going to decide that her withdrawal does not permit her to have an arbitration case, then she is in a position where she gets neither, and that cannot be reconciled with the selection of remedy clause. She's entitled to have that choice. The question is how does he interpret the contract given those circumstances of this case? And that is what I want him to do, and he said he couldn't do it because he had no jurisdictional authority to do it because it was substantively unarbitrable. Essentially, the case is I didn't get a hearing where I could argue and have him consider how to interpret this provision in the contract. He could have said, no, she can't withdraw it or she can withdraw it, but he had to interpret the contract if it was procedurally arbitrable rather than substantively arbitrable. When he says it's substantively inarbitrable, then he has no authority to go beyond that. If he, though, used the wrong words, it really doesn't make any difference from our standpoint. Because the issue is not what the arbitrator called it. The issue is was this a matter of procedure? And if it was, I think everyone here agrees that that was something the arbitrator could decide. Right, but you have to give me a hearing. You have to listen to me. You can't decide without that's a matter of basic due process. All right. Okay. All right. The case was well-argued, well-briefed, and we will take it under advice.